# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 17-20184

v.        Judith E. Levy
        United States District Judge
George Eubanks (D-6),        Mona K. Majzoub
        Magistrate Judge

        Defendant.

_____/

## ORDER DENYING DEFENDANT GEORGE EUBANKS' MOTION FOR BOND [516]

On March 12, 2020, pursuant to a Rule 11 plea agreement, Defendant George Eubanks pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 504.) Specifically, Defendant admitted that held a leadership position in the enterprise "YNS"—"Young and Scandalous" or "Young and Skantless"—a gang that engages in drug trafficking and that often uses armed and violent means to maintain control over the Brightmoor neighborhood in Detroit, Michigan. (*Id.* at PageID.7278-7280.) Defendant has been detained since February 2018 and is scheduled to be sentenced on July 21, 2020. (ECF No. 513.)

On March 31, 2020, Defendant moved for revocation of bond, arguing that the danger posed to him by the COVID-19 pandemic constitutes a "compelling reason" for release under 18 U.S.C. § 3142(i). (ECF No. 516.) For the following reasons, Defendant's motion is DENIED.

As an initial matter, the Court acknowledges the increased risk posed to Defendant by the COVID-19 pandemic. Defendant argues that he is susceptible to pneumonia and that he suffers from asthma, hypertension, and obesity. (ECF Nos. 516, 522.) These are all conditions that increase Defendant's risk of a dire outcome if exposed to COVID-19. *Those Who Are At Higher Risk*, Centers for Disease Control and Prevention (Apr. 8, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

The Court also acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement in the Livingston County Jail. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons,

2

staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. Indeed, as of March 27, 2020, Michigan jails are attempting to lower their detained populations "as officials scramble to remove people thought to be at high risk of contracting the coronavirus, but little risk to the general public if they were not behind bars." James David Dickson, *Jail populations plunge in Metro Detroit as coronavirus spreads*, Detroit News (March 27, 2020), khttps://www.detroitnews.com/story/news/local/macomb-county/2020/03/27/jail-populations-plunge-metro-detroit-coronavirus-spreads/2914358001/.

Defendant's case does not fit this description. Unlike many individuals currently seeking bond due to concerns about contracting COVID-19, Defendant faces mandatory pre-sentence incarceration. 18 U.S.C. § 3143(a)(2) requires the following:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is

awaiting imposition of execution of sentenced be detained unless—

(A)
(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*See id.* This section applies to Defendant because he pled guilty to racketeering conspiracy: an offense covered by 18 U.S.C. § 3142(f)(1) for which the maximum sentence is life in prison. *See* 18 U.S.C. §§ 1963(a), 3142(f)(1)(b) (covering "an offense for which the maximum sentence is life imprisonment or death"). Additionally, this Court took Defendant's guilty plea, and determined that it was knowing and voluntary. Defendant would therefore have no basis for filing a motion for acquittal or for a new trial. Thus, Defendant cannot satisfy the § 3143(a)(2) requirements for post-plea release.

Nor can the Court release defendant pursuant to 18 U.S.C. § 3145(c). This provision allows a judicial officer to release a post-plea

4

defendant under two conditions: first, the defendant must "meet[] the conditions of release set forth in section 3143(a)(1) or (b)(1)"—in other words, the defendant must demonstrate "by clear and convincing evidence that the[y] are not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3145(c); § 3143. Second, the defendant must "clearly show[] that there are exceptional reasons why such person's detention would not be appropriate." § 3145(c).

The Court need not discuss whether the COVID-19 pandemic constitutes an "exceptional reason" in this case, because Defendant cannot demonstrate that he would not pose a danger to the public if released. To this point, Defendant notes only that several witnesses testified that "Mr. Eubanks was not known to be violent," and to the extent that any witness felt threatened by Defendant, "Mr. Eubanks vehemently denies the self-serving statements of the cooperating witness testimony." (ECF Nos. 516, PageID.8003; 522, PageID.8055.)

These statements are insufficient to demonstrate that Defendant would not pose a danger to the public if released. Though the Court is not required to consider the release factors set forth in 18 U.S.C. § 3142(g)

5

when performing a § 3145(c) analysis, some courts have found the factors helpful in determining whether a defendant has demonstrated that he is unlikely to pose a danger to the public. *See, e.g.*, *United States v. Tolbert*, No. 3:09-CR-56, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017). These factors are: the nature and circumstance of the offense charged, the weight of the evidence of dangerousness against the defendant, the defendant's history and characteristics, and the nature and seriousness of any danger posed to any person or the community if the defendant were to be released. 18 U.S.C. § 3142(g).

Careful consideration of these factors leads the Court to conclude that Defendant's release would pose a threat to the community, and that accordingly, Defendant is not entitled to bond. As to the first factor, § 3142(g) expresses a particular concern for underlying offenses that involve firearms and controlled substances. *Id*. Defendant's guilty plea to a drug-dealing racketeering conspiracy involves both. (ECF No. 504, PageID.7279.) Second, as to the weight of the evidence, there is a great deal of evidence that Defendant would pose a danger to the community if released. In his guilty plea, Defendant admitted to being involved with a gang that employed—and continues to employ—violence to facilitate its

control over the Brightmoor Detroit neighborhood and residents. (*Id.* at PageID.7279-7280.) Regardless of whether Defendant is himself a physically violent person, the Court finds that the potential for his return to a position of power within the YNS gang would constitute a severe danger to the community.

Additionally, the Court observed multiple instances of likely witness intimidation during Defendant's trial. These disturbing observations bolster the Court's conviction that, if released on bond, Defendant is currently capable of posing a danger to his community by exercising threatening, potentially retributive, authority over others. (*See id.* at PageID.7280 ("The prohibition on 'snitching' was well publicized. Members and associates of YNS therefore understood that, if they were to provide information about YNS to the police, they would not only lose standing in the gang but also be subject to violent retaliation up to and including death.")

Finally, though Defendant's particular susceptibility to COVID-19 counsels in favor of his release—and the Court is deeply concerned about Defendant's wellbeing at Livingston County Jail during this frightening time—the Court nevertheless concludes that the evidence of Defendant's

7

dangerousness to the public, if released, tips the balance against him. Defendant is therefore not entitled to bond. 18 U.S.C. § 1343(a).[1]

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: April 9, 2020  　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2020.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager

---

[1] Defendant argues that he is entitled to bond pursuant to a different statute, 18 U.S.C. § 3142(i)(4), which allows the Court to authorize temporary release "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Though the Court has found in other cases that COVID-19 constitutes an independent compelling reason for release, the Court is bound in Defendant's case by 18 U.S.C. § 3143(a)(2), which mandates detention for individuals, such as Defendant, who have been convicted of particularly aggravated offenses. *Id.*

8