UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-cr-20184

v.                                    Judith E. Levy
                                    United States District Judge

George Eubanks (D-6),

                Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [597]**

Before the Court is *pro se* Defendant George Eubanks' motion for reduction of sentence or compassionate release. (ECF No. 597.) He is currently incarcerated at FCI Gilmer in Glenville, West Virginia. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) because "the conditions of his imprisonment are exceptionally harsh, his medical conditions in the context of the COVID-19 pandemic constitute extraordinary and compelling circumstances, and, he is the only available caregiver for his medically incapacitated father." (ECF No. 597, PageID.9193.) Although the Court commends Defendant for his strong

advocacy on his own behalf, for the reasons set forth below, the motion is denied.

## I. Background

On October 21, 2020, Defendant was sentenced to 168-months' imprisonment after he pleaded guilty to RICO conspiracy charges under 18 U.S.C. § 1962(d). (ECF No. 566.)

On March 7, 2022, Defendant moved for compassionate release and/or reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 597.) In his motion, Defendant sets forth two arguments for compassionate release. First, Defendant argues that FCI Gilmer subjects him to "harsh conditions" where there are "lock downs, no recreation, [and] the guards refusal to wear masks" resulting in "constant Covid-19 outbreaks." (ECF No. 597, PageID.9195.) Defendant argues that he "suffers from asthma, hypertension, drug addiction[,] smoked cigarettes for 11 years, has been shot and is obese," and he is "fully vaccinated." (*Id.* at PageID.9198–9199.)

Second, Defendant argues that he has "reestablished [his] relationship with [his] father," who is "medically incapacitated and suffers from diabetes and pancreatitis." (*Id.* at PageID.9195.) Defendant

2

states that his father lives in Greenville, Mississippi, and that Defendant is "his father's only available caregiver." (*Id.* at PageID.9197.) He states he has a brother who lives in Greenville who works two jobs and is unavailable to care for their father but is willing to assist the Defendant and his father with transportation as needed. (*Id.* at 9197–9198.)

## II. Legal Standard

Compassionate release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

## III. Analysis

### A. No "Extraordinary and Compelling Reasons" Warrant Compassionate Release

Defendant argues that the "extraordinary and compelling reasons" warrant a modification of his sentence to supervised release, home confinement, or reduction of his sentence are the following: that FCI Gilmer cannot prevent COVID-19 outbreaks and Defendant suffers from health conditions that put him at higher risk for a negative outcome from COVID-19 and his desire to provide live-in care for his ill father. The Court addresses each in turn and holds that Defendant does not present "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

### i. *Defendant's Vaccination Against COVID-19*

Sixth Circuit precedent, at this time, forecloses Defendant's argument that FCI Gilmer's COVID-19 lockdowns and mitigation steps present an "extraordinary and compelling reason" for release, because Defendant has access to and has received his COVID-19 vaccines. (*See* ECF No. 600, PageID.9211–9212.) Defendant argues that guards do not wear masks, social distancing is not possible, and individuals in his unit, including his roommate, have tested positive and are locked down

4

together with other inmates such as himself. The Sixth Circuit found that "inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes)," but it endorsed the Seventh Circuit's holding that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

The COVID-19 vaccine is available to all inmates in the Federal Bureau of Prisons, and Defendant had received the vaccine and at least one booster at the time of his motion. *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://perma.cc/U3FJ-WV46 (December 5, 2022). The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16

F.4th 485, 487 (6th Cir. 2021) (quoting *Lemons*, 15 F.4th at 751).[1] Although Defendant has identified certain health risks that the CDC has identified as potentially putting him at greater risk of severe illness from COVID-19 (*i.e.*, asthma (if moderate to severe) obesity, current or former smoking, and substance use disorders), Defendant has also been offered and has availed himself of the most significant prevention tool identified by the CDC: staying up to date with his COVID-19 vaccinations and boosters. *See* CDC, COVID-19 Medical Conditions, https://perma.cc/XT5L-LB4S (Dec 5, 2022) ("Staying up to date with

---

[1] The Sixth Circuit has "cast doubt on a defendant's ability to meet Section 3852's [sic] 'extraordinary and compelling reasons' requirement following their inoculation against COVID-19." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *Lemons*, 15 F.4th at 749). The Sixth Circuit observed that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.* (quoting *Lemons*, 15 F.4th at 751). Courts in this Circuit have also refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. See *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (denying compassionate release in light of the COVID-19 pandemic to a prisoner who declined to be vaccinated, without justification, because of hesitance "to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms."), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021); *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Macgregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Mar. 12, 2021); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.).

COVID-19 vaccines and taking COVID-19 prevention actions are important. This is especially important if you are older or have severe health conditions or more than one health condition, including those on this list."). Therefore, the danger currently posed to Defendant by COVID-19 at FCI Gilmer is not an extraordinary and compelling circumstance that warrants a reduction in sentence.

    *ii.* *Care for Defendant's Father*

Defendant claims that he is his father's only available caregiver. (ECF No. 597, PageID.9197–9198.) The United States mentions in its opposition that Defendant has not provided the Court with documentation that his father requires a live-in caregiver, nor has he identified his father's current caregiver. (ECF No. 600, PageID.9215.)

While the Court finds Defendant's desire to help his father admirable, the compassionate release statute, 18 U.S.C. §3582(c), defines the "extraordinary and compelling" reasons set forth in United States Sentencing Guideline § 1B1.13, and care of a parent is not an articulated reason for a reduced sentence. Rather, § 1B1.13 provides for only one type of "Family Circumstances," specifically, the death or incapacitation of a spouse or caregiver to the defendant's minor children, which is not

7

applicable to the circumstances with Defendant's father. Federal Sentencing Guidelines § 1B1.13. And, unfortunately, caring for one's ailing parent does not fall under the "Other Reasons" category of the section § 1B1.13. Therefore, this factor does not favor Defendant's compassionate release, though the Court commends Defendant for re-establishing a relationship with his father and desiring to help him.

Because Defendant cannot demonstrate "extraordinary and compelling reasons" that warrant release, the Court need not address the other requirements for compassionate release under § 3582(c)(1)(A). *See Elias*, 984 F.3d at 519.

## IV. Conclusion

Accordingly, Defendant's motion for compassionate release (ECF No. 597) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 14, 2022            s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
